**JS-6**

1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9

10   COACHELLA VALLEY            No. CV-19-02419-DMG (DTBx)
     ASSOCIATION OF
11   GOVERNMENTS, a public entity,
                                   **JUDGMENT**
12              Plaintiff,

13         v.

14   52.462 ACRES OF LAND, MORE
     OR LESS, IN RIVERSIDE
15   COUNTY, CALIFORNIA; UNITED
     STATES OF AMERICA;
16   BEVERLY R. DIAZ, an individual;
     et al.,
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

JUDGMENT

1

2        1.     It appearing to the Court that on June 24, 2019, plaintiff Coachella

3 Valley Association of Governments ("CVAG") adopted a resolution of necessity

4 declaring that it is in the public interest and necessity to acquire by eminent domain

5 easement interests in certain allotted lands described in the First Amended Complaint

6 in Condemnation [doc. # 72], as Allotments 98E, 105E, 109E, 92E, 88E, 97E; 28E;

7 20E; and 81EA (Properties), among others not relevant to this judgment.

8        2.     It further appearing to the Court that the Properties are necessary for the

9 construction of CV Link, and CVAG is vested by law with authority to exercise the

10 power of eminent domain to acquire private property for the construction of public

11 infrastructure for public purposes.

12        3.     It further appearing to the Court that the following five defendants have

13 property interests in the Properties:

14     • Welk Resort Properties, Inc. (lease holder in 98E, 105E, 109E, 97E,

15       20E);

16     • First Nationwide Resort Management, Inc. (lease holder in 105E);

17     • Cathedral Canyon Country Club Association #9 (easement holder in

18       98E, 88E, and 81EA);

19     • PRLP, Inc. (mortgage interest in 105E); and

20     • Wells Fargo, N.A. (mortgage interest in 92E, 97E, 28E, and 20E).

21        4.     It further appearing to the Court that, after having been properly served,

22 each of the above defendants ("Defaulting Defendants") failed to file any response

23 to the First Amended Complaint in Condemnation filed by CVAG.

24        5.     It further appearing to the Court that CVAG's application for default

25 judgment against Defaulting Defendants was granted on August 8, 2024, but deferred

26 ruling on remedies until CVAG provided supplemental information related to just

27 compensation.

28        6.     It further appearing to the Court that CVAG has paid just compensation

1   for the easements it has acquired in the Properties and that such payment appears to

2   be held in trust by the Bureau of Indian Affairs.

3         7.      It further appearing to the Court that the apportionment of any just

4   compensation to which Defaulting Defendants may be entitled should be done

5   pursuant to any contractual arrangements to which Defaulting Defendants are parties.

6         8.      It further appearing to the Court that retaining jurisdiction to apportion

7   just compensation if Defaulting Defendants cannot do so pursuant to contractual

8   arrangements is appropriate, subject to any applicable statute of limitations or other

9   procedural time requirements.

10        NOW, THEREFORE, IT IS HEREBY ORDERED that the property interests

11   of Defaulting Defendants in the Properties are terminated by operation of eminent

12   domain.

13        IT IS FURTHER ORDERED that CVAG has paid just compensation and no

14   additional just compensation payment is required.

15        IT IS FURTHER ORDERED that this Court will retain jurisdiction in the

16   event a Defaulting Defendant comes forward in the proceeding seeking just

17   compensation, provided that any statute of limitations or other procedural time

18   requirement has not lapsed.

19

20

21   DATED:  September 16, 2024       _____

22                                    DOLLY M. GEE
                                     CHIEF U.S. DISTRICT JUDGE

23

24

25

26

27

28

3